An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JOSEPH BRIAN HAGER
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64825

**FILED**

JUL 2 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Joseph Brian Hager's post-conviction petition for a writ of habeas corpus. First Judicial District Court, Storey County; James Todd Russell, Judge.

Hager contends that the district court erred by denying his petition, which alleged that trial counsel was ineffective for failing to investigate his intellectual capacity and present evidence of the same at sentencing. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-23778

At the evidentiary hearing, Hager presented evidence that he was borderline intellectually disabled. Hager's former counsel testified that his interactions with Hager and conversations with Hager's mother did not cause him to question Hager's intellectual capacity, but did suggest that Hager had a severe substance abuse problem and therefore he had Hager evaluated by an "Alcohol and Drug Abuse Counselor" and "Registered Nurse in Psychiatric and Mental Health Nursing." This evaluation, which counsel presented to the district court at sentencing, confirmed that Hager had a profound methamphetamine addiction but did not indicate that he had an intellectual disability or that further testing was necessary. After considering "the testimony at the hearing in this matter and all other evidence in the Court's file," the district court concluded that counsel was not deficient for failing to seek further intellectual or psychological testing. The district court also concluded that there was no prejudice because it had sentenced Hager for his role in conceptualizing and planning the crime and would not have sentenced him differently had it been presented with the newly offered evidence. The district court's factual findings are supported by substantial evidence and we agree with its legal conclusions. Accordingly, we conclude that Hager fails to demonstrate that the district court erred, and we

ORDER the judgment of the district court AFFIRMED.

_____ Pickering _____, J.
Pickering

_____ , J.            _____, J.
Parraguirre                      Saitta

 

cc: Hon. James Todd Russell, District Judge
State Public Defender/Carson City
Attorney General/Carson City
Storey County District Attorney
Storey County Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A